| | |
|---|---|
| MAZEN S. HAMDAN | CIVIL ACTION NO. 05-1293 |
| VERSUS | JUDGE MELANÇON |
| GARY COPES | MAGISTRATE JUDGE METHVIN |
| DAVID VIATOR | |
| MICHAEL STERIDELL | |
| RAY RIDER | |
| ARLIS CELESTINE | |
| SUSAN WHETSTINE | |
| MICHAEL BOUTTE | |
| JIMMY L. POWERS | |
| DIANNE LOTT | |
| JOHN DOE | |

## REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT
### *(Rec. Doc. 22)*

Before the court is the motion for summary judgment filed by defendants Jimmy Powers and "John Doe" on September 29, 2006.[1]  The motion is unopposed and, therefore, the facts as set forth by defendants are uncontroverted.  For the following reasons, it is recommended that the motion for summary judgment be **GRANTED**.

### *Background*

Hamdan filed this civil rights lawsuit on July 18, 2005, alleging unconstitutional conditions of confinement while he was incarcerated at the South Louisiana Correctional Center (SLCC) in Basile, Louisiana from January 13, 2004 through August 2, 2004.[2]  As originally filed, plaintiff's complaint contained over nine claims for relief.  On May 19, 2006, the

---

[1] Rec. Doc. 29.

[2] In a letter dated October 11, 2005, plaintiff advised the court that he is no longer incarcerated and currently resides in Gretna, Louisiana.  See Rec. Doc. 9.

undersigned magistrate judge recommended dismissal with prejudice of all claims concerning disciplinary proceedings, general conditions of confinement, exposure to environmental tobacco smoke and/or poor ventilation, conditions of confinement in lock-down cell, retaliation, free exercise of religion, verbal taunts, equal protection, and inadequate grievance procedures.[3] The district judge adopted the findings and conclusions in the report and dismissed the foregoing claims with prejudice.[4] The following defendants were therefore dismissed from the lawsuit: Gary Copes, David Viator, Michael Steridell, Ray Rider, Arlis Celestine, Susan Whetstine, and Michael Boutte.

With respect to plaintiff's claim for denial of medical care, the undersigned concluded that plaintiff did not allege sufficient facts to establish deliberate indifference on the part of either Nurse Jimmy Powers or "John Doe," the facility's medical administrator, but that his claims against these defendants were not frivolous. Therefore, the undersigned concluded that plaintiff should be permitted the opportunity to provide additional facts to support his claims against these defendants.

Plaintiff has not responded to the motion for summary judgment filed by Powers. For the following reasons, the undersigned concludes that all claims against the remaining two defendants should be dismissed.

I.      **Denial of Medical Care Claims - Nurse Jimmy Powers**

With respect to his surviving claim for denial of medical care, plaintiff alleges only two instances in which he was denied medical care by Nurse Jimmy Powers, as follows:

---

[3] See Report and Recommendation dated May 19, 2006. Rec. Doc. 11.

[4] Rec. Doc. 16.

A.    **May 11, 2004 – Cold Temperature / Unsanitary Conditions**

Plaintiff alleges that on May 10, 2004, at 10:00 p.m., he became ill because of "extremely cold temperatures via air conditioned unit and unsanitary conditions and him being forced to sleep on a rat feces infested floor . . ."; that he complained to corrections officers who, at approximately 11:30 p.m., notified Nurse Powers; that on May 11 at midnight, Nurse Powers entered plaintiff's cell and "began to make hateful remarks against plaintiff;" that Powers refused to check plaintiff's temperature and threatened to write him up for malingering.

Documentation of this incident appears in the record.[5]  A "sick call sheet' dated May 11, 2004, states that plaintiff was examined by Nurse Powers for a complaint of shortness of breath. The sheet states that plaintiff's skin color was good; no shortness of breath was noted or indicated; respiration was even and equal; lungs were clear with no shortness of breath; there was no wheezing or asthma; and no need for medication to be prescribed.  (Def. Exh. 268).

B.    **July 1, 2004 – Toothache**

Plaintiff alleges that on June 31, 2004, he filed a medical sick call request; that he was examined by Nurse Powers on July 1, 2004 at 12:30 a.m.; that Nurse Powers gave him some Tylenol® and told him that he would be added to the dentist's waiting list; and that he was never examined or treated by a dentist while he was incarcerated at SLCC.  The undersigned was unable to find any reference to this treatment by Nurse Powers in the record, nor does Powers cite to any such reference in his motion for summary judgment.

---

[5] Although the bottom of the sheet is dated "May 11, 2005," the top of the sheet is properly dated "May 11, 2004."

### *Summary Judgment Standard*

The Federal Rules of Civil Procedure provide for summary judgment where no genuine issue as to any material fact exists. Fed.R.Civ.P. 56(c). The threshold inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Of course, the substantive law will identify which facts are material. Id. All of the evidence must be reviewed in the light most favorable to the motion's opponent. Id. However, the Fifth Circuit has emphasized that summary judgment should be granted and will be affirmed when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict. Little v. Liquid Air Corp., 37 F.3d 1069, 1071 (5th Cir. 1994).

### *Inmate Standard for Denial of Medical Care*

Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain. Davidson v. Texas Dept. of Criminal Justice, Institutional Div., 91 Fed.Appx. 963, 964-965, 2004 WL 542206, *1 (5th Cir. 2004), citing Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To prevail on such a claim, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Davidson, 91 Fed.Appx. at 964-965, citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference" encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 429 U.S. at 105-06. Therefore, "[t]he legal conclusion of

'deliberate indifference[ ]' . . . must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985).

A showing of deliberate indifference requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Davidson, 91 Fed.Appx. at 965, *citing* Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under §1983. Id., citing Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under §1983. Id., citing Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.1995).

### *Analysis of Claims*

Plaintiff alleges that Nurse Powers denied him adequate medical care on May 11 and July 1, 2004. The record shows that on May 11, 2004, Nurse Powers conducted a thorough examination of plaintiff and determined that there was no evidence of shortness of breath, wheezing, or asthma, and that there was no need for medication. On July 1, 2004, according to plaintiff's own allegations, Powers gave plaintiff Tylenol for a toothache and put him on the list to visit with a dentist.

Plaintiff offers nothing to refute the evidence of medical care provided on May 11, and accepting plaintiff's allegations as true with respect to the events of July 1, it is clear that he received adequate medical attention on both dates. There is has been no showing that Nurse Powers "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  <u>Davidson</u>, 91 Fed.Appx. at 965, *citing* <u>Domino v. Texas Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001).  Accordingly, the undersigned concludes that plaintiff has failed to show that Powers treated his medical complaints with deliberate indifference.  It is recommended that summary judgment be granted in Powers's favor.

## II.     <u>Claims Against "John Doe"</u>

Counsel for Powers urges this court to similarly dismiss all claims against defendant "John Doe."  In the undersigned's May 22, 2006 Memorandum Order serving plaintiff's claims on defendants, the undersigned noted that plaintiff's denial of medical care claims were lodged against both Jimmy Powers and "John Doe."  In the order, the undersigned noted the following:

> Plaintiff has not identified the defendant "John Doe" despite the fact that he was released from custody in October, 2005.  Plaintiff should provide the correct name of this defendant.  ***His failure to do so will result in the dismissal of his claims against the John Doe defendant.***[6]

Considering that the plaintiff still has not identified "John Doe," the undersigned concludes that the claims against him should be dismissed.

### *Conclusion*

For the foregoing reasons, the undersigned recommends that defendants' motion for summary judgment be **GRANTED** and that all claims against Jimmy Powers and "John Doe" be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may

---

[6] See Memorandum Order dated May 22, 2006, Rec. Doc. 12.

respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).**

Signed in chambers on December 6, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)